991 F.2d 795
 143 L.R.R.M. (BNA) 3120
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BARNABO STEEL CORPORATION d/b/a Galvanizers, Respondent.
 No. 93-5177.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Barnabo Steel Corporation d/b/a Galvanizers, Redford, Michigan, its officers, agents, successors, and assigns, enforcing its order dated September 24, 1992, in Case No. 7-CA-33224, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Barnabo Steel Corporation d/b/a Galvanizers, Redford, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Failing and refusing to bargain in good faith with Local 299, International Brotherhood of Teamsters, AFL-CIO, as the exclusive bargaining representative of the employees in the following unit which is appropriate for purposes of collective bargaining:
 
 
 4
 All warehousemen, hi-lo drivers, head kettlemen, acid men, truck drivers, receiving clerks and kettlemen helpers employed by the Respondent; but excluding all other employees.
 
 
 5
 (b) Ceasing its operations at its Redford, Michigan facility and discharging all employees employed in the bargaining unit represented by the Union without prior notice to the Union and without having afforded the Union a meaningful opportunity to negotiate and bargain as the exclusive representative of the unit employees with respect to the effects of the cessation of operations at a time when such bargaining could have been meaningful.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) On request, bargain collectively with the Union with respect to the effects of the cessation of operations of the Respondent's Redford, Michigan facility.
 
 
 9
 (b) Pay the employees in the unit their normal wages for the period set forth in the remedy section of the Board's decision.
 
 
 10
 (c) Preserve, and on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amounts due under the terms of this Judgment.
 
 
 11
 (d) Mail to all unit employees, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 13
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 14
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 15
 WE WILL NOT fail and refuse to bargain in good faith with Local 299, International Brotherhood of Teamsters, AFL-CIO, as the exclusive bargaining representative of the employees in the following unit which is appropriate for purposes of collective bargaining:
 
 
 16
 All warehousemen, hi-lo drivers, head kettlemen, acid men, truck drivers, receiving clerks and kettlemen helpers employed by us; but excluding all other employees.
 
 
 17
 WE WILL NOT cease our operations at our Redford, Michigan facility and discharge our employees employed in the bargaining unit represented by the Union without prior notice to the Union and without having afforded the Union a meaningful opportunity to negotiate and bargain as the exclusive representative of the unit employees with respect to the effects of the cessation of operations at a time when such bargaining could have been meaningful.
 
 
 18
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 19
 WE WILL pay our unit employees who were employed at the Redford, Michigan facility at the time of our cessation of operations their normal wages for a period required by the decision of the National Labor Relations Board.
 
 
 20
 WE WILL, on request, meet and bargain with the Union about the effects on bargaining unit employees of our cessation of operations at our Redford, Michigan facility.
 
 BARNABO STEEL CORPORATION d/b/a
 GALVANIZERS
 
 21
 -------------------------------
 
 
 22
 (Employer)
 
 
 23
 Dated __________ By ______________________
 
 
 24
 (Representative) (Title)
 
 
 25
 This is an official notice and must not be defaced by anyone.
 
 
 26
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.